UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN G. WILLIAMS, | ) | Civil No. 09CV1705 IEG (RBB) |
|---|---|---|
| Petitioner, | )<br>)<br>) | **REPORT AND RECOMMENDATION**<br>**GRANTING MOTION TO DISMISS** |
| v. | )<br>) | **PETITION FOR WRIT OF HABEAS**<br>**CORPUS [DOC. NO. 11]** |
| Colleen Noll, Warden, | ) | |
| Respondent. | ) | |

Petitioner Steven G. Williams, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on August 5, 2009 [doc. no. 1].[1]  Petitioner claims that the terms of his 1984 plea agreement in an unrelated criminal case precluded the subsequent use of that conviction to enhance his sentence in subsequent cases.  (Pet. 6-13.)

On December 18, 2009, Respondent, Warden Colleen Noll, filed a Motion to Dismiss Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities and filed a Notice of

---

[1]  Because Williams's Petition is not consecutively paginated, the Court will use the page numbers assigned by the electronic case filing system.

1

1  Lodgments shortly thereafter [doc. nos. 11, 20].  Noll alleges that
2  Petitioner's claim is time-barred pursuant to 28 U.S.C. § 2244(d).
3  (Mot. Dismiss Attach. #1 Mem. P. & A. 2-7.)  Petitioner submitted
4  an Opposition to Motion to Dismiss with a Memorandum of Points and
5  Authorities, which was filed nunc pro tunc to January 25, 2010
6  [doc. no. 19].

7                            **I.  BACKGROUND**

8       On August 22, 1984, Williams pleaded guilty to one count of
9  robbery in violation of California Penal Code section 211 and one
10  count of grand theft in violation of California Penal Code section
11  487.2; he was to receive a sentence of five years in state prison.
12  (Pet. Attach. #1 Ex. E at 32, 38-40.)[2]

13      Over ten years later, on February 27, 1995, Petitioner was
14  convicted of one count of robbery in the second degree in violation
15  of California Penal Code section 211 with an enhancement for
16  infliction of great bodily injury pursuant to California Penal Code
17  section 12022.7(a).  (Id. Attach. #1 Ex. B at 8.)  The jury also
18  found that under California Penal Code section 667(a)(1), Petitioner
19  had two prior serious felony convictions, and under California Penal
20  Code section 667.5(b), he served two prior prison terms.  (Id.)  The
21  court sentenced Williams to a prison term of twenty-five years to
22  life, based on his conviction for robbery with the infliction of
23  great bodily injury.  (Id.)  It did not increase the sentence

24

25

26      [2] It is undisputed that Williams had two prior serious felony
27  convictions under California Penal Code section 1192.7 and two
   prior strikes under California Penal Code section 667(b)(1).
28  (Lodgment 1, People v. Williams, Case No. D029994, slip op. at 1-2
   (Cal. Ct. App. May 13, 1999); Pet. 2; Mot. Dismiss Attach. #1 Mem.
   P. & A. 1; Opp'n Attach. #1 Mem. P. & A. 2.)

because of the prior serious felony conviction and prior prison term enhancements.  (Id.)

On May 6, 1996, Williams sought direct review of the 1995 judgment and concurrently filed a petition for writ of habeas corpus (Williams I) in the California Court of Appeal.  (See Lodgment No. 9, Notice and Request for Ruling, Williams v. Kramer (Williams V), Case No. HC19295 (Cal. Super. Ct. filed June 3, 2008) (App. #2, Ex. C, Appellant's Opening Brief, People v. Williams, Case No. D02360, followed by, In re Williams (Williams IV), Case No. [D028203] (petition for writ of habeas corpus)).)  On April 10, 1997, the court of appeal affirmed his conviction, denied the habeas petition, and remanded the case for resentencing because the trial court "assumed it lacked discretion to strike prior conviction allegations and made inconsistent remarks regarding how it would exercise such discretion."  (Lodgment No. 3, Williams v. Garcia (Williams IV), Case No. EHC179 (Cal. Super. Ct. filed Oct. 22, 1998) (App. A, People v. Williams, Case No. D023604, slip op. at 3 (Cal. Ct. App. filed Apr. 10, 1997).)  The trial court resentenced Williams to thirty-five years to life.  (Pet. Attach. #1 Ex. D at 30.)  The new sentence included Williams's previous sentence of twenty-five years to life for robbery and ten additional years for the prior serious felony convictions and prior prison term enhancements.  (Id.)

On July 24, 1998, Williams filed his next of several habeas corpus petitions in the San Diego County Superior Court, which was denied on July 27, 1998.  (See Lodgment No. 3, Williams v. Garcia (Williams IV), Case No. EHC179 (petition for writ of habeas corpus App. A-5, In re Williams (Williams II), Case No. EHC170, slip op. at 5 (Cal. Super. Ct. July 27, 1998)).)  Williams filed a third

1  petition for writ of habeas corpus on August 13, 1998 (<u>Williams</u>

2  <u>III</u>), which was denied on August 14, 1998.  (<u>See</u> Lodgment No. 4, <u>In</u>

3  <u>re Williams (Williams IV)</u>, Case No. EHC179, slip op. at 2 (Cal.

4  Super. Ct. Nov. 12, 1998).)  He filed his fourth petition on October

5  22, 1998.  (Lodgment No. 3, <u>Williams v. Garcia (Williams IV)</u>, Case

6  No. EHC179 (petition for writ of habeas corpus).)  The superior

7  court denied this petition on November 12, 1998.  (Lodgment No. 4,

8  <u>In re Williams (Williams IV)</u>, Case No. EHC179, slip op. at 2.)

9       Petitioner also appealed the judgment of the San Diego County

10 Superior Court after the remand from the California Court of Appeal.

11 (<u>See</u> Lodgment No. 3, <u>Williams v. Garcia (Williams IV)</u>, Case No.

12 EHC179 (petition for writ of habeas corpus App. A-6, Appellant's

13 Opening Brief, <u>People v. Williams</u>, Case No. D029994).)  On May 13,

14 1999, the conviction was affirmed with directions to modify the

15 judgment to reflect a strike rather than a stay of the prior prison

16 term, and the case was again remanded to the trial court to correct

17 Williams's credit for time served.  (Lodgment No. 1, <u>People v.</u>

18 <u>Williams</u>, Case No. D029994, slip op. at 7-8.)

19      On June 22, 1999, Williams filed a petition for review in the

20 California Supreme Court seeking discretionary review of the

21 appellate court's May 13, 1999 opinion.  (Lodgment No. 5, <u>People v.</u>

22 <u>Williams</u>, Case No. S079912 (Cal. filed June 24, 1999) (petition for

23 review).)  The supreme court denied his petition on July 28, 1999.

24 (Lodgment No. 6, <u>People v. Williams</u>, Case No. S079912, slip op. at 1

25 (Cal. July 28, 1999).)

26      Almost three years later, on May 15, 2002, Petitioner submitted

27 another petition for writ of habeas corpus to the San Diego County

28 Superior Court.  (<u>See</u> Lodgment No. 7, <u>Williams v. Butler (Williams</u>

4

1  V), Case No. S109703 (Cal. filed Sept. 9, 2002) (motion in support

2  of habeas petition Attach. Successive Petition Re "Actual

3  Innocence," <u>Williams v. Butler (Williams V)</u>, Case No. EHC359 (Cal.

4  Super. Ct. filed May 15, 2002)).)   The superior court denied his

5  petition on June 12, 2002, finding it untimely and citing <u>In re</u>

6  <u>Clark</u>, 5 Cal. 4th 750, 765, 855 P.2d 729, 738, 21 Cal. Rptr. 2d 509,

7  518 (1993).  (<u>See</u> <u>Id.</u> App. 3, Ex. E, <u>In re Williams (Williams V)</u>,

8  Case No. EHC359, slip op. at 4-5 (Cal. Super. Ct. June 12, 2002).)

9  The superior court also denied the petition because the grounds

10 raised were ruled upon in a prior petition, and there had been no

11 change in existing facts or law.  (<u>Id.</u> at 5-6.)

12     Williams submitted a motion and petition for writ of habeas

13 corpus to the California Supreme Court that it received on September

14 9, 2002.  (Lodgment No. 7, <u>Williams v. Butler (Williams V)</u>, Case No.

15 S109703.)  The supreme court denied his petition on April 16, 2003,

16 citing <u>In re Clark</u>, 5 Cal. 4th at 765, 855 P.2d at 738, 21 Cal.

17 Rptr. 2d at 518, and <u>In re Robbins</u>, 18 Cal. 4th 770, 780, 959 P.2d

18 311, 317-18, 77 Cal. Rptr. 2d 153, 159-60 (1998), which indicates

19 the court found it untimely.  (Lodgment No. 8, <u>In re Williams</u>

20 <u>(Williams V)</u>, Case No. S109703, slip op. at 1 (Cal. Apr. 16, 2003).)

21     Almost five years later, on March 24, 2008, Williams filed a

22 sixth petition for writ of habeas corpus in the San Diego County

23 Superior Court; this petition was denied on May 20, 2008, both on

24 the merits and because it was untimely.  (<u>See</u> Lodgment No. 2, <u>In re</u>

25 <u>Williams (Williams VI)</u>, Case No. HC19295, slip op. at 2-3.)

26     On December 11, 2008, Williams filed a petition for writ of

27 habeas corpus in the California Court of Appeal and reasserted the

28 claim rejected by the lower court and complained of the superior

1  court's denial of habeas relief.  (Lodgment No. 11, <u>In re Williams</u>

2  <u>(Williams VI)</u>, Case No. D054256 (Cal. Ct. App. filed Dec. 11, 2008)

3  (petition for writ of habeas corpus).)  The appellate court denied

4  his petition on January 29, 2009, also citing <u>In re Clark</u>.

5  (Lodgment No. 12, <u>In re Williams (Williams VI)</u>, Case No. D054256,

6  http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=

7  41&doc_id=1382666&doc_no=D054256; Lodgment No. 15, <u>In re Williams</u>

8  <u>(Williams VI)</u>, Case No. D054256, slip op at 2 (Cal. Ct. App. [Jan.

9  29, 2009]).)

10      Petitioner turned to the California Supreme Court and filed a

11  petition for writ of habeas corpus on February 18, 2009.  (Lodgment

12  No. 13, <u>In re Williams (Williams VI)</u>, Case No. S170612 (Cal. filed

13  Feb. 18, 2009) (petition for writ of habeas corpus).)  The supreme

14  court denied this petition on July 22, 2009, again citing <u>In re</u>

15  <u>Clark</u> and <u>In re Robbins</u>.  (Lodgment No. 16, <u>In re Williams (Williams</u>

16  <u>VI)</u>, Case No. S170612, slip op. at 1 (Cal. July 22, 2009).)

17      Williams filed his federal Petition for Writ of Habeas Corpus

18  in this Court on August 5, 2009 [doc. no 1].  Respondent Noll filed

19  a Motion to Dismiss Petition for Writ of Habeas Corpus on December

20  18, 2009 [doc. no. 11].  Petitioner's Opposition to the Motion to

21  Dismiss was filed nunc pro tunc to January 25, 2010 [doc. no 10].

22              **II.   STANDARD OF REVIEW**

23      Williams is subject to the Antiterrorism and Effective Death

24  Penalty Act ("AEDPA") of 1996 because he filed his Petition after

25  April 24, 1996.  28 U.S.C.A. § 2244 (West 2006); <u>Woodford v.</u>

26  <u>Garceau</u>, 538 U.S. 202, 204 (2003) (citing <u>Lindh v. Murphy</u>, 521 U.S.

27  320, 326 (1997)).  AEDPA sets forth the scope of review for federal

28  habeas corpus claims:

6

1

2          The Supreme Court, a Justice thereof, a circuit
       judge, or a district court shall entertain an application
3      for a writ of habeas corpus in behalf of a person in
       custody pursuant to the judgment of a State court only on
       the ground that he is in custody in violation of the
       Constitution or laws or treaties of the United States.

4

5    28 U.S.C.A § 2254(a) (West 2006); see also Reed v. Farley, 512 U.S.

6    339, 347 (1994); Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

7    1991).

8         To present a cognizable federal habeas corpus claim, a state

9    prisoner must allege that his conviction was obtained "in violation

10   of the Constitution or laws or treaties of the United States."  28

11   U.S.C. § 2254(a).  A petitioner must allege that the state court

12   violated his federal constitutional rights.  Hernandez, 930 F.2d at

13   719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt

14   v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

15        A federal district court does "not sit as a 'super' state

16   supreme court" with general supervisory authority over the proper

17   application of state law.  Smith v. McCotter, 786 F.2d 697, 700

18   (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780

19   (1990) (holding that federal habeas courts must respect a state

20   court's application of state law); Jackson, 921 F.2d at 885

21   (concluding that federal courts have no authority to review a

22   state's application of its law).  Federal courts may grant habeas

23   relief only to correct errors of federal constitutional magnitude.

24   Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989)

25   (stating that federal courts are not concerned with errors of state

26   law unless they rise to the level of a constitutional violation).

27

28

                                   7

In 1996, Congress "worked substantial changes to the law of habeas corpus." Moore v. Claderon, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." Id. at 71 (citation omitted).  In other words, a federal court is not required to review the state court decision de novo. Id.  Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1).  Id.

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320 (1997).  Section 2254(d)(1) "explicitly identifies only the Supreme Court as the font of 'clearly established' rules." Id.  "[A] state court decision may not be overturned on habeas corpus review, for example, because of

8

1    a conflict with Ninth Circuit-based law."  <u>Moore</u>, 108 F.3d at 264.

2    "[A] writ may issue only when the state court decision is 'contrary

3    to, or involved an unreasonable application of,' an authoritative

4    decision of the Supreme Court."  <u>Id.</u> (citing <u>Childress v. Johnson</u>,

5    103 F.3d 1221, 1225 (5th Cir. 1997); <u>Devin v. DeTella</u>, 101 F.3d

6    1206, 1208 (7th Cir. 1996); <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325

7    (9th Cir. 1996).)

8       With respect to the factual findings of the trial court, AEDPA

9    provides:

> In a proceeding instituted by an application for a
> writ of habeas corpus by a person in custody pursuant to
> the judgment of a State court, a determination of a
> factual issue made by a State court shall be presumed to
> be correct.  The applicant shall have the burden of
> rebutting the presumption of correctness by clear and
> convincing evidence.

14    28 U.S.C.A. § 2254(e)(1).

15                **III.   DISCUSSION**

16    **A.   Statute of Limitations**

17       Respondent raises one issue in her Motion to Dismiss.  She

18    contends that Williams has not filed his Petition for Writ of

19    Habeas Corpus within the statute of limitations; thus, it should be

20    dismissed with prejudice.  (Mot. Dismiss Attach. #1 Mem. P. & A.

21    2.)  This is the only argument presently before the Court.

22       The statute of limitations for habeas corpus petitions is set

23    forth in AEDPA.  As amended, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of --
>
>     (A)  the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;

9

1
        (B)   the date on which the impediment to
    filing an application created by State action

2
    in violation of the Constitution or laws of the
    United States is removed, if the applicant was

3
    prevented from filing by such State action;

4
        (C)   the date on which the constitutional
    right asserted was initially recognized by the

5
    Supreme Court, if the right has been newly
    recognized by the Supreme Court and made

6
    retroactively applicable to cases on collateral
    review; or

7

8
        (D)   the date on which the factual
    predicate of the claim or claims presented
    could have been discovered through the exercise

9
    of due diligence.

10
28 U.S.C.A. § 2244(d)(1).  Williams has not asserted that

11
subsections (B)-(D) of § 2244(d)(1) apply to his Petition.  Under

12
the facts of his case, § 2244(d)(1)(A) provides the applicable

13
standard for when the statute of limitations began to run.

14
    On May 6, 1996, Williams filed a timely appeal of his

15
conviction to the California Court of Appeal.  (See Lodgment No. 9,

16
Notice and Request for Ruling, Williams v. Kramer (Williams V),

17
Case No. HC19295 (App. #2, Ex. C, Appellant's Opening Brief, People

18
v. Williams, Case No. D023604.)  After the initial appeal of his

19
conviction and subsequent remand for resentencing, Williams filed a

20
second appeal to the California Court of Appeal on May 13, 1999.

21
(Lodgment No. 1, People v. Williams, Case No. D029994, slip op. at

22
1.)  Next, he sought relief from the California Supreme Court, but

23
his petition for review was denied on July 28, 1999.  (Lodgment No.

24
5, People v. Williams, Case No. S079912 (petition for review);

25
Lodgment No. 6, People v. Williams, Case No. S079912, slip op. at

26
1.)

27
    United States Supreme Court Rule 13.1 states that a petition

28
for certiorari must be filed within ninety days of the entry of a

judgment or an order denying discretionary review by the state supreme court. <u>See</u> S. Ct. R. 13.1.  In <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999), the Ninth Circuit held that when a habeas petitioner sought direct review of his conviction by the state's highest court, but did not file a petition for writ of certiorari in the United States Supreme Court, AEDPA's one-year statute of limitations began to run when the time to petition the United States Supreme Court expired.  <u>Id.</u> at 1158-59.

Here, that time expired on October 26, 1999, ninety days after the California Supreme Court denied Williams's petition for review. The statute of limitations for Williams's federal habeas corpus petition began to run the next day, October 27, 1999.  Absent any statutory or equitable tolling, it would have expired on October 26, 2000.  <u>See</u> <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1016 (9th Cir. 2009); <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R. Civ. P. 6(a)) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included.").

Williams filed this federal Petition almost nine years later, on August 5, 2009 [doc. no. 1].  Unless Petitioner is entitled to sufficient statutory or equitable tolling, this action is barred by AEDPA's statute of limitations.

**1.  Statutory Tolling**

Under AEDPA, the limitations period is tolled during periods when a petitioner has a properly filed application for collateral review pending in a state court.  Specifically, 28 U.S.C. § 2244(d)(2) states:  "The time during which a properly filed

application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection."  28 U.S.C.A. § 2244(d)(2); see also Pace v.
DiGuglielmo, 544 U.S. 408, 410 (2005).  "[A]n application is
'properly filed' when its delivery and acceptance are in compliance
with the applicable laws and rules governing filings."  Artuz v.
Bennett, 531 U.S. 4, 8 (2000) (explaining that typical filing
requirements include "the form of the document, the time limits
upon its delivery, the court and office in which it must be lodged,
and the requisite filing fee[]").  "When a postconviction petition
is untimely under state law, 'that [is] the end of the matter' for
purposes of § 2244(d)(2)."  Pace, 544 U.S. at 414 (quoting Carey v.
Saffold, 536 U.S. 214, 226 (2002)); see also Zepeda v. Walker, 581
F.3d at 1018.

   But the interval between the disposition of one state petition
and the filing of another may be tolled under "interval tolling."
Carey, 536 U.S. at 223.  "[T]he AEDPA statute of limitations is
tolled for 'all of the time during which a state prisoner is
attempting, through proper use of state court procedures, to
exhaust state court remedies with regard to a particular post-
conviction application.'"  Nino v. Galaza, 183 F.3d 1003, 1006 (9th
Cir. 1999) (quoting Barnett v. Lamaster, 167 F.3d 1321, 1323 (10th
Cir. 1999)); see also Carey, 536 U.S. at 219-22.  The statute of
limitations is tolled from the time a petitioner's first state
habeas petition is filed until state collateral review is
concluded, but it is not tolled before the first state collateral
challenge is filed.  Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir.

2007) (citing <u>Nino</u>, 183 F.3d at 1006).  "[AEDPA's tolling provision] modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference."  <u>Saffold</u>, 536 U.S. at 222.

Williams filed multiple habeas corpus petitions, one in the California Court of Appeal and three in the San Diego County Superior Court, before the California Supreme Court had concluded direct review of his conviction on July 28, 1999, by denying his petition for review.  On May 6, 1996, he filed a petition for writ of habeas corpus in the California Court of Appeal (<u>Williams I</u>) concurrently with his first direct appeal of his conviction.  (<u>See</u> Lodgment No. 9, Notice and Request for Ruling, <u>Williams v. Kramer (Williams VI)</u>, Case No. HC19295 (App. #2, Ex. C, Appellant's Opening Brief, <u>People v. Williams</u>, Case No. D023604, followed by <u>In re Williams (Williams IV)</u>, Case No. [D028203] (petition for writ of habeas corpus)).)  In a single unpublished opinion, filed on April 10, 1997, the court of appeal decided the appeal and ruled on the petition for habeas corpus.  (<u>See</u> Lodgment No. 3, <u>Williams v. Garcia (Williams IV)</u>, Case No. EHC179 (App. A, <u>People v. Williams</u>, Case No. D023604, slip op. at 3.)

On July 24, August 13, and October 22, 1998, Williams filed habeas petitions in the San Diego County Superior Court.  (<u>See</u> Lodgment No. 3, <u>Williams v. Garcia (Williams IV)</u>, Case No. EHC179 (petition for writ of habeas corpus); <u>id.</u> App. A-5, <u>In re Williams (Williams II)</u>, Case No. EHC170, slip op. at 5; <u>see also</u> Lodgment No. 4, <u>In re Williams (Williams IV)</u>, Case No. EHC179, slip op. at 2.)  The superior court denied all three petitions.  (<u>See</u> Lodgment

13

No. 4, <u>In re Williams (Williams IV)</u>, Case No. EHC179, slip op. at 1-2.)

The first petition to the superior court was denied because many of the issues had been raised and rejected in Williams's first direct appeal; others should have been raised on direct appeal. (<u>See</u> Lodgment No. 3, <u>Williams v. Garcia (Williams IV)</u>, Case No. EHC179 (petition for writ of habeas corpus App. A-5, <u>In re Williams (Williams II)</u>, Case No. EHC170, slip op. at 4-5).) The superior court denied the next two successive petitions, stating that they were substantially similar to the July 24, 1998 habeas corpus petition previously filed, but there had been no change in law or facts to necessitate review. (Lodgment No. 4, <u>In re Williams (Williams IV)</u>, Case No. EHC179, slip op. at 2.)

Because the San Diego County Superior Court and the California Court of Appeal denied habeas petitions in <u>Williams I, II, III, IV</u>, before AEDPA's statute of limitations began to run on October 27, 1999, they do not toll its limitations period. Petitioner returned to the San Diego Superior Court nearly three years later, and on May 15, 2002, he filed his next habeas petition, which was denied on June 12, 2002, for "fail[ing] to point to particular circumstances sufficient to justify the substantial delay in filing." (<u>See</u> Lodgment No. 7, <u>Williams v. Butler (Williams V)</u>, Case No. S109703 (motion in support of habeas petition App. 3, Ex. E, <u>In re Williams (Williams V)</u>, Case No. EHC359, slip op. at 4, 6).)

A subsequently filed petition for state collateral relief cannot revive an expired statute of limitations. <u>Pace v. DiGuglielmo</u>, 544 U.S. at 417; <u>see also</u> <u>Jiminez v. Rice</u>, 276 F.3d

14

478, 482 (9th Cir. 2001); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th
Cir. 2000).  Because the limitations period had already run by May
15, 2002, the date Williams filed his fifth habeas petition seeking
state collateral review, statutory tolling will not save his
federal Petition.

### 2.  Equitable Tolling

Equitable tolling of the statute of limitations is appropriate
when "'extraordinary circumstances beyond a prisoner's control make
it impossible'" to file a timely petition.  <u>Spitsyn v. Moore</u>, 345
F.3d 796, 799 (9th Cir. 2003) (quoting <u>Brambles v. Duncan</u>, 330 F.3d
1197, 1202 (9th Cir. 2003)); <u>see also Stillman v. LaMarque</u>, 319
F.3d 1199, 1202 (9th Cir. 2003).  "[A] litigant seeking equitable
tolling bears the burden of establishing two elements:  (1) that he
has been pursuing his rights diligently, and (2) that some
extraordinary circumstance stood in his way."  <u>Pace v. DiGuglielmo</u>,
544 U.S. at 418 (citations omitted); <u>see also Lawrence v. Florida</u>,
549 U.S. 327, 335 (2007); <u>Rouse v. U.S. Dept. of State</u>, 548 F.3d
871, 878-79 (9th Cir. 2008); <u>Espinoza-Matthews v. California</u>, 432
F.3d 1021, 1026 (9th Cir. 2005).

"'[T]he threshold necessary to trigger equitable tolling
[under AEDPA] is very high, lest the exceptions swallow the rule.'"
<u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting
<u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000).
The failure to file a timely petition must be the result of
external forces, not the result of the petitioner's lack of
diligence.  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).
"Determining whether equitable tolling is warranted is a 'fact-

specific inquiry.'" <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye v.</u>
<u>Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)).

### a.  Plea Agreement

Petitioner argues that the February 28, 1995 bifurcated trial
to determine his prior convictions and enhance his 1995 sentence
"violated the expressed terms of [his] 1984 plea agreement." (Pet.
10.)  He contends that in 1984, the trial court assured him that
pleading guilty would preclude any subsequent trial:

> In order to plead guilty you have to give up your
> right to a jury trial and the rights you would have
> gotten at that trial because if you plead guilty this
> afternoon, that means there isn't going to be a trial of
> any kind today or at any other time in the future.

(<u>Id.</u>)  Petitioner claims he understood this to mean that "there
would not be a trial of any kind then or in the future if he
plead[ed] guilty to Counts I and II in case number A089741." (<u>Id.</u>
at 11.)  Williams asserts that the terms of the plea agreement are
clear and played a crucial role in his decision to plead guilty,
and the failure to interpret those terms as he understood them was
a breach of contract. (<u>Id.</u> at 11-12.)  Petitioner argues that the
bifurcated trial was illegitimate and violated state contract law.
(<u>Id.</u> at 17-18.)  He asks the Court to order specific performance of
the plea bargain, remand the 1995 case for resentencing, and strike
the 1984 case from the record for enhancement purposes. (<u>Id.</u> at
13.)

In his Petition, Williams states that he "did not receive the
legible, certified duplicate record of the 1984 reporter's
transcript until after March 13, 2007," following two written
requests made on February 19 and May 21, 2006. (Pet. 11; Pet.
Attach. #1 Ex. F at 45; <u>id.</u> Ex. G at 47; <u>id.</u> Ex. H at 49.)  He

16

1   believes that the transcript of the 1984 agreement was essential to

2   show that the plea bargain was not ambiguous and was breached when

3   the prosecution used a bifurcated jury trial in 1995 to establish

4   Williams's 1984 conviction, which resulted in an enhanced sentence.

5   (See Pet. 18.)

6                    **i.  Delay in Receiving the Transcript**

7        Petitioner claims he did not receive a transcript of the

8   guilty plea until March 13, 2007, and was unwilling to challenge

9   the enhanced sentence until he had the "verbatim language pursuant

10  to the 1984 plea agreement" is his possession.  (Opp'n Attach. #1

11  Mem. P. & A. 9.)  Williams, however, was in court for his 1984

12  guilty plea.  He knew what was said.  Furthermore, in his federal

13  Petition, Williams admits raising the scope of his 1984 plea

14  agreement in the direct appeal of his 1995 conviction.  In its

15  opinion, the appellate court stated:

16           Williams also argues when he pled guilty to the
             earlier charge he was advised only of the maximum
17           immediate period of incarceration, not of future
             consequences which could arise out of his plea.  We
18           reject this argument.

19           The sentence under the three strikes law by virtue
             of Williams's prior convictions was an indirect,
20           collateral consequence of his guilty plea in the earlier
             case.  There is no requirement a defendant be advised of
21           collateral consequences before pleading guilty.  "The
             trial court should not be required even before imposing
22           sentence for one crime to inform the defendant what the
             sentence may be for committing another crime."

23

24  (Lodgment No. 3, Williams v. Garcia, Case No. EHC179 App. A, People

25  v. Williams, Case No. D023604, slip op. at 18 n.6 (citations

26  omitted); see Pet. 12.)

27       A petitioner is not entitled to equitable tolling where there

28  is a delay in obtaining transcripts of a guilty plea if the

                                   17

individual was present during those proceedings.  A petitioner does not need transcripts to raise his claims.  <u>Boyd v. Ward</u>, 2001 WL 533221, at *4 (E.D. La. May 15, 2001) (guilty plea and sentencing); <u>see</u> <u>Brown v. Cain</u>, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (holding that equitable tolling of AEDPA's one-year limitation period did not apply to a petitioner awaiting transcripts who "experienced all the pretrial proceedings and the full trial"), <u>aff'd</u>, 239 F.3d 365 (5th Cir. 2000); <u>Richardson v. Johnson</u>, 2001 WL 869644, at *2 (N.D. Tex. July 25, 2001) (concluding that equitable tolling of AEDPA's limitation period does not apply where petitioner delayed four months before requesting copies of the tapes to the parole revocation hearing he attended); <u>Brisbon v. Cain</u>, 2000 WL 45872, at *2 (E.D. La. Jan. 18, 2000) (finding that although the petitioner alleged a delay in obtaining a transcript of his plea proceeding, he participated in the plea colloquy, so the transcript was not necessary to file his habeas petition); <u>see also</u> <u>Jihad v. Hvass</u>, 267 F.3d 803, 806-07 (8th Cir. 2001) (stating that delays in obtaining transcripts is not an extraordinary circumstance and does not equitably toll AEDPA's one-year limitation period).

Williams was present and participated in the plea proceedings. Therefore, he was capable of filing a timely federal petition that raised his plea bargain claims before he received a copy of the transcript.

### ii.  Diligence in Seeking the Transcript

Williams has not shown that he was diligent in attempting to obtain a copy of the plea transcript.  He does not state when he first requested the transcript.  But he has provided the Court with

a letter requesting his "plea bargain transcript," dated February
19, 2006.  (Pet. Attach. #1 Ex. F at 45.)  Another request is dated
May 21, 2006.  (Id. Attach. #1 Ex. G at 47.)  Williams has not
described any other attempts to obtain a transcript, and he does
not explain why he did not seek the transcript sooner.  Without an
explanation for the delay between his sentencing in 1984 and his
February 19, 2006 request for his transcript, the Court cannot find
that Williams was diligent.

### iii.   Prevented from Filing

Petitioner also contends that equitable tolling should apply
because he was actively exhausting his state court remedies, and he
was unable to file a federal petition because he was "wait[ing] for
the appeal process to be completed since [c]ounsel refused to
provide the transcript or even consider petitioner's request for
that plea agreement from 1984." (Opp'n Attach. #1 Mem. P. & A.
12.)  Williams claims, "[T]he state created impediment was created
by the appeal process provided by the state on direct appeal."
(Id. at 7-8.)  He continues, "At the time . . . a petitioner is
proceeding under that appellate process he has no control of
retaining documents or other instruments, unless counsel seeks to
obtain them in regard to the current case.  Even though petitioner
requested the documents, petitioner had to wait until he could
obtain them himself." (Id. at 8.)

In Lee v. Portuondo, 2003 WL 22173078 (E.D.N.Y. Aug. 29,
2003), petitioner made a similar claim and argued for equitable
tolling, stating that his former counsel lost Lee's criminal court
records.  Id. at *2.  He offered no proof of any causal connection
between the lost papers and the late filing.  Id.  The court

19

concluded that petitioner failed to act diligently because he only made three attempts to obtain his files from his former counsel during the one-year limitations period, then waited two more years before taking additional steps to obtain his records.  (Id.)

Williams has not shown any attempts to obtain his transcript during the one-year statute of limitations between October 27, 1999 and October 26, 2000.  Nor has he shown any attempts prior to February 19, 2006.  Petitioner has provided insufficient evidence that he was prevented from filing his federal Petition within the limitations period.

> The word "prevent" requires the petitioner to demonstrate
> a causal relationship between the extraordinary
> circumstances on which the claim for equitable tolling
> rests and the lateness of his filing, a demonstration
> that cannot be made if the petitioner, acting with
> reasonable diligence, could have filed on time
> notwithstanding the extraordinary circumstances.

Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).  Contrary to his claim, not having a copy of the transcript of his guilty plea colloquy was not an impediment -- state created or otherwise -- to filing a timely Petition.  Whether his counsel neglected to provide Williams with a transcript of his 1984 plea colloquy or the state court delayed in delivering it, Petitioner has not shown exceptional circumstances sufficient to justify equitable tolling. He has failed to establish that he was prevented from filing his Petition on time.  See Grayson v. Grayson, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).

### iv.  Insufficient Equitable Tolling

Assuming AEDPA's statute of limitations period was equitably tolled until March 13, 2007, the date Williams received his plea transcript, it would have expired on March 12, 2008.  The current

1  federal Petition was not filed until August 5, 2009, almost five

2  months later.  Williams also did not have any state petition

3  pending between March 13, 2007, and March 12, 2008, to justify

4  additional statutory tolling.  It was not until March 24, 2008,

5  twelve days after any limitations period extended by any equitable

6  tolling, that Williams filed his sixth state habeas corpus

7  petition.  (Lodgment No. 2, In re Williams (Williams VI), Case No.

8  HC19295, slip op. at 2).  Thus, even with the equitable tolling

9  Williams seeks, his federal Petition is untimely.

10        **b.  Challenging a Sentence as a Breach of Contract**

11        In his Opposition, Petitioner contends that he does not

12  challenge his conviction, but merely challenges his sentence.

13  (Opp'n Attach. #1 Mem. P. & A. 7-8.)  He maintains that a sentence

14  "may be challenged at any time if it is found to be violative [sic]

15  of petitioner's constitutional rights to a contract between

16  parties."  (Id. at 7.)  Petitioner also asserts that "[a] sentence

17  may be challenged at any time pursuant to Fed. Rules of Crim.

18  Procedure, Rule 35, 18 U.S.C.A."  (Id. at 9.)

19        Williams is wrong on two fronts.  First, the Federal Rules of

20  Criminal Procedure do not help him.  They do not apply to his §

21  2254 Petition.  See Kirk v. Dutton, 1994 U.S. App. LEXIS 28709, at

22  *3 (6th Cir. 1994) ("The Federal Rules of Criminal Procedure do not

23  apply to his [§ 2254] case, and any alleged violation of federal

24  procedure is irrelevant."); Sowell v. Quarterman, 2009 U.S. Dist.

25  LEXIS 126597, at *8 (S.D. Tex. Mar. 13, 2009) (same).  He is wrong

26  in contending that under Rule 35 of the Federal Rules of Criminal

27  Procedure he can challenge his sentence at any time.  See Fed. R.

28  Crim. P. 35(a), (b) (within fourteen days or upon the government's

motion).  Second, a claimed violation of California law is equally
unavailing.  See e.g., Zakouto v. Vare, 2008 U.S. Dist. LEXIS
37493, at *3 (D. Nev. Mar. 18, 2008) ("Instead of challenging the
Court's determination on constitutional law, Petitioner argues that
the Nevada Supreme Court's determination violates Nevada Law and
the Federal Rules of Criminal Procedure, both of which are
inapplicable in a habeas petition that challenges a judgment of
conviction in state court.")  Enforcing a plea agreement in a
habeas proceeding is a matter of due process.  See Mabry v.
Johnston, 467 U.S. 504, 509 (1984); Womack v. Kane, 271 F. App'x
650, 660 (9th Cir. 2008) (citing Santobello v. New York, 404 U.S.
257, 261-62 (1971).

    "[W]hen a state prisoner is challenging the very fact or
duration of his physical imprisonment, and the relief he seeks is a
determination that he is entitled to immediate release or a
speedier release from that imprisonment, his sole federal remedy is
a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 500
(1973).  If a habeas petition challenges a sentence as a due
process violation resulting from the failure to follow a plea
agreement, the claim is subject to AEDPA's statute of limitations.
See Davis v. Woodford, 446 F.3d 957, 960-62 (9th Cir. 2006)
(applying AEDPA to a habeas petition based on breach of a plea
agreement); Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006)
(finding AEDPA applies to a petition for writ of habeas corpus
challenging a sentence based on an ambiguous plea agreement); see
also Martinez v. Evans, 2009 WL 3497735, at **1-2 (9th Cir. Oct.
30, 2009) (holding that petitioner was not entitled to relief under

AEDPA where the state appellate court applied state contract law to interpret the plea agreement).

Williams has challenged the length of his sentence, so his exclusive remedy is pursuant to a petition for writ of habeas corpus.  He cannot avoid the limitation requirements of AEDPA by arguing that his sentence is a breach of state contract law. Williams's federal Petition is subject to AEDPA's statute of limitations and is untimely.  Unlike <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000), cited by Williams, the reasons for his delayed filing are before the Court, and they are insufficient to save his late Petition.

## IV.  CONCLUSION

For the reasons set forth above, neither statutory nor equitable tolling of AEDPA's one-year statute of limitations is available to rescue Williams's untimely federal Petition. Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [doc. no. 11] should be **GRANTED**.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. 636(b)(1).  Any party may file written objections with the Court and Serve a copy on all parties on or before June 14, 2010.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before June 28, 2010.  The parties are advised that failure to file objections within the specified time

1   may waive the right to appeal the district court's order.   <u>Martinez</u>

2   <u>v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

3

4   Dated:   May 14, 2010

                                                  RUBEN B. BROOKS

5                                                     United States Magistrate Judge

6   cc:   Judge Gonzalez
         All parties of record

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28