# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>COLLEEN NOLL, Warden,<br><br>　　　　　　　　　Respondent. | CASE NO. 09-CV-1705 - IEG (RBB)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

This matter is before the Court on Respondent Colleen Noll's Motion to Dismiss Petition for Writ of Habeas Corpus. (Doc. No. 11.) Respondent contends that the petition is barred by the one-year statute of limitations. Magistrate Judge Ruben Brooks issued a Report and Recommendation ("R&R"), recommending the Court grant Respondent's motion. Petitioner filed objections.

Upon *de novo* review, the Court concludes Petitioner did not file his petition within the statute of limitations and is not entitled to statutory or equitable tolling. Accordingly, the Court adopts the R&R in full and grants Respondent's motion.

## BACKGROUND

The R&R contains a complete and accurate summary of the proceedings in this case, and the Court fully adopts the Magistrate Judge's detailed background. (See R&R at 2-6.) In sum, on August 22, 1984, Petitioner Williams pleaded guilty to one count of robbery and one count of

1  grand theft,[1] and was to receive a sentence of five years in state prison. (R&R at 2.) More than
2  ten years later, on February 27, 1995, Petitioner was convicted for robbery, with an enhancement
3  for infliction of great bodily injury.[2] (Id.) From 1996 to 1999, Petitioner filed a series of
4  unsuccessful petitions for writ of habeas corpus in state court. (See id. at 3-4.) At the same time,
5  petitioner sought direct review of his conviction, culminating on July 28,1999 when the California
6  Supreme Court denied review of the case. (See id. at 4.) Nearly three years later, on May 15,
7  2002, Petitioner renewed his efforts to obtain state habeas relief. This round of state post
8  conviction review ended on April 16, 2003, when the California Supreme Court denied his petition
9  as untimely.
10  In 2006, Petitioner first requested copies of the state court record with regard to his 1984
11  conviction. After receiving the record on March 12, 2007, Petitioner thereafter filed another round
12  of state habeas corpus petitions beginning on March 24, 2008. This round of state habeas petitions
13  ended on July 22, 2009, when the California Supreme Court denied a second habeas corpus
14  petition.
15  Petitioner filed the current petition on August 5, 2009. On December 18, 2009,
16  Respondent Noll filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Def.'s Mot."),
17  contending that Petitioner had not filed his petition within the statute of limitations. (Doc. No.
18  11.) Petitioner opposed the motion. (Doc. No. 19.) On May 14, 2010, Magistrate Judge Brooks
19  filed a report and recommendation ("R&R") recommending that the Court grant Respondent's
20  motion to dismiss. (Doc. No. 24.) Petitioner filed objections to the R&R. (Doc. No. 27.)
21  Respondent did not file a reply.

**DISCUSSION**

23  The R&R sets forth the correct legal standard the Court must apply in considering whether the
24  current petition is time-barred. Pursuant to 28 U.S.C. 2244,

---

27  [1]Robbery and grand theft are covered by Sections 211 and 487.2 of the California Penal Code, respectively.

28  [2]The enhancement for infliction of great bodily injury corresponds with Section 12022.7(a) of the California Penal Code.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not contest Magistrate Judge Brooks' conclusion that, absent any statutory or equitable tolling, the statute of limitation began to run on October 27, 1999, when his time for seeking direct review expired. Nor does Petitioner object to the conclusion that he is not entitled to statutory tolling here, where there were no applications for State post-conviction or other collateral relief pending between October 27, 1999 and May 15, 2002. Rather, Petitioner objects to Magistrate Judge Brooks' conclusion that he is not entitled to equitable tolling. Petitioner also continues to argue he may pursue his breach of plea agreement claim notwithstanding AEDPA's statute of limintations.

*i. Equitable Tolling*

Magistrate Judge Brooks properly set forth the legal standard for determining whether a habeas corpus petitioner is entitled to equitable tolling of the statute of limitations. "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In order to show the extraordinary circumstance "prevented timely filing," Petitioner

1 must demonstrate the "extraordinary circumstances were the cause of his untimeliness," Spitsyn v.
2 Moore, 345 F.3d 796, 799 (9th Cir. 2003), and the "extraordinary circumstances ma[de] it
3 impossible to file a petition on time." Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283,
4 1288 (9th Cir. 1997).

Magistrate Judge Brooks addressed and rejected each of Petitioner's arguments in favor of equitable tolling. In his Objections, Petitioner does not raise any new arguments, but instead explicitly relies upon the same arguments submitted in his opposition to Respondent's motion to dismiss with regard to equitable tolling. As Magistrate Judge Brooks explained in the R&R, however Petitioner is not entitled to equitable tolling. Petitioner first requested the transcript of his 1984 guilty plea in February of 2006 and he has offered no reasonable justification for the undue delay. There was a delay between the time he requested the transcript in February of 2006 and when he received the transcript on March 13, 2007. However, even after receiving the transcript Petitioner did not file any state post-conviction challenge for more than a year thereafter, and did not file this federal habeas corpus petition until August of 2009. Petitioner was present at the plea proceeding, and he has not demonstrated that extraordinary circumstances beyond his control prevented him from timely filing his federal claims. Petitioner is not entitled to equitable tolling.

*ii. Plea Agreement*

Petitioner continues to argue that regardless of AEDPA's statute of limitations, he is entitled to pursue his claim that the state breached the 1984 plea agreement. As explained by Magistrate Judge Books in the R&R, however, Petitioner may only challenge his sentence in this Court pursuant to 28 U.S.C. § 2254. All such petitions under § 2254 are subject to the one-year statute of limitations. Because Petitioner has failed to demonstrate he is entitled to equitable tolling, his Petition must be dismissed.

///
///
///
///

**CONCLUSION**

For the reasons set for herein, the Court ADOPTS Magistrate Judge Brooks' R&R and, accordingly, the Court GRANTS Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus.  The Court DENIES a certificate of appealability.  The Clerk may close this case.

**IT IS SO ORDERED.**

**DATED:  September 20, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**